Grafton,  
April 2, 1929.

Scott Sloane, *Ex'r*, v. People's Trust Company & a.

*Scott Sloane* and *Fred Parker Carr* (*Mr. Sloane* orally), for the plaintiff.

Robert W. Upton (by brief and orally), for the defendants.

PEASLEE, C. J.   There was no proof or offer of proof that the fund, claimed to have been held in trust by the company, came into the possession of the commissioner.  There was no evidence that the fund entered into or made a part of any property which the commissioner is administering.  The defendants were entitled to have the bill dismissed for this reason.  *McNamara &c. Co.* v. *Pillsbury, ante,* 417.

The whole subject was given extended consideration in *Bank Commissioners* v. *Company,* 70 N. H. 536 *et seq.*  ". . . it is necessary to trace the money through the various changes in its investment to specific property, in severalty or in mass, in the possession of the assignee, to create a trust or charge in favor of a claimant.  The tracing is a matter of fact, not law.  It must be done, as in the decision of other questions of fact, by the consideration and weighing of competent evidence bearing on the question.  If it does not appear by a preponderance in the weight of the evidence that the assignee received the money or property in which it was ultimately invested, the claimant must fall back on his rights as an ordinary creditor."  *Ib.,* 551.

As the defendants were entitled to have their motion to dismiss the bill granted, for the reasons above set forth, it is unnecessary to consider the plaintiff's claim that the court erred in ruling that the facts shown did not establish the existence of a trust.  If it were assumed that the ruling was wrong, and that there was a trust relation, the plaintiff's case was still fatally deficient in the particular which has been considered.

*Bill dismissed.*

All concurred.